FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 0 1 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SOHAL BALDEV,

          Defendant.

08-CR-868 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 1, 2009, Sohal Baldev pled guilty to count two of a five-count indictment, which charged that he, together with others, conspired to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Baldev was sentenced on August 28, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be fifteen and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between eighteen and twenty-four months. The offense carried a maximum term of imprisonment of twenty years. See 18 U.S.C. § 841(b)(1)(C). The guidelines range of fine was from $4,000 to $40,000. The open charges in the indictment were dismissed upon motion by the government.

Baldev was sentenced to time served, amounting to more than six and a half months imprisonment, and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it involved the illegal importation of approximately 200 pounds of marijuana into the United States in a tractor trailer. Baldev's involvement in the conspiracy was limited and brief in duration.

This incident was the defendant's first involvement with the importation of drugs and constituted an aberrant act. Though no letter documenting substantial assistance was provided by the government as a result of the circumstances and development of the investigation and prosecution, Baldev offered significant information about the criminal conspiracy to law enforcement officials. The defendant suffers ill health, including a life-threatening heart condition; he requires appropriate medical treatment in Canada that likely cannot be provided by the United States' federal prison system. His family, including two young children, depends heavily on the defendant's emotional, financial, and other support. He contributes to critical care and financial assistance for his parents in Canada, both of whom have serious medical problems. His wife also has significant health issues. They have all remained under significant stresses while Baldev has been incarcerated. The sentence imposed reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will

3

engage in further criminal activity in light of his remorse, family circumstances, health problems, and law-abiding background prior to the instant offense.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: September 2, 2009
       Brooklyn, New York